[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14666
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00417-MHT-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERYKE MATTHEW PFEIFER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 26, 2016)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Deryke Pfeifer appeals the district court's order granting the government's motion to involuntarily medicate him to restore him to competency to stand trial for his charged offense of threatening the President of the United States in violation of 18 U.S.C. § 871.  Pfeifer confines his appeal entirely to the first factor set forth by the Supreme Court in Sell v. United States, 539 U.S. 166, 180, 123 S. Ct. 2174, 2184 (2004), specifically, he argues that the district court did not consider the special circumstances surrounding his case when it concluded that the Government had proven that there was an important interest in prosecuting him. Further, he argues that the court erred when it found that Pfeifer's liberty interest in being free from confinement superseded his interest to be free from forcible medication.

This Court reviews de novo the district court's determination of the first Sell factor.  United States v. Diaz, 630 F.3d 1314, 1331 (11th Cir. 2011). The government bears the burden of proving the factual findings underlying the Sell factors by clear and convincing evidence.  Id. at 1331-32.

In Sell, the Supreme Court revisited the issue of involuntary medication to restore competency.  Two earlier cases – Washington v. Harper, 494 U.S. 210, 110 S. Ct. 1028 (1990), and Riggins v. Nevada, 504 U.S. 127, 112 S. Ct. 1810 (1992) – had established that an individual has a significant constitutionally-protected liberty interest in "'avoiding the unwanted administration of anti-psychotic

2

drugs.'" Sell, 123 S. Ct. at 2183 (quoting Harper, 494 U.S. at 221). In Riggins, the Court stated that only an "'essential' or 'overriding' state interest might overcome" the constitutionally protected right. Id. (citing Riggins, 504 U.S. at 134). The Court in Riggins had "suggested that, in principle, forced medication in order to render a defendant competent to stand trial for murder was constitutionally permissible." Id. Ultimately the Court held that the State could have satisfied due process if it had demonstrated that treatment was medically appropriate and essential for the sake of Riggins' safety or others' safety. Id. With this underpinning, the Court developed the four factors for courts to consider when asked to authorize involuntary medication to restore competency. The first one is the only at issue in this case:

> First, a court must find that important governmental interests are at stake. The Government's interest in bringing to trial an individual accused of a serious crime is important. That is so whether the offense is a serious crime against the person or a serious crime against property. In both instances the Government seeks to protect through application of the criminal law the basic human need for security.
> Courts, however, must consider the facts of the individual case in evaluating the Government's interest in prosecution. Special circumstances may lessen the importance of that interest. The defendant's failure to take drugs voluntarily, for example, may mean lengthy confinement in an institution for the mentally ill—and that would diminish the risks that ordinarily attach to freeing without punishment one who has committed a serious crime. We do not mean to suggest that civil commitment is a substitute for a criminal trial. The

3

> Government has a substantial interest in timely prosecution. And it may be difficult or impossible to try a defendant who regains competence after years of commitment during which memories may fade and evidence may be lost. The potential for future confinement affects, but does not totally undermine, the strength of the need for prosecution. The same is true of the possibility that the defendant has already been confined for a significant amount of time (for which he would receive credit toward any sentence ultimately imposed, see 18 U.S.C. § 3585(b)). Moreover, the Government has a concomitant, constitutionally essential interest in assuring that the defendant's trial is a fair one.

123 S. Ct. at 2184 (internal citations and quotations omitted).

The district court here determined that the Government had an important interest in bringing Pfeifer to trial. The court acknowledged Pfeifer's 14-month stay in prison, which amounted to a "sizeable portion of his expected sentence." Order at 16. And it recognized that Pfeifer would likely be institutionalized indefinitely. Id. After reciting Pfeifer's charged and uncharged offenses – which included threats to other governmental entities and assaults on family members – the court concluded that Pfeifer's conduct "upset 'the basic human need for security' of those he threatened." Id. at 17 (quoting Sell, 539 U.S. at 180). The court concluded that the Government's interest in prosecuting Pfeifer is not only for protection of the president but to uphold the integrity of our system of government. Id. (citing United States v. Gillenwater, 749 F.3d 1094, 1101 (9th Cir. 2014)).

4

Contrary to Pfeifer's arguments, the district court did not ignore the special circumstances of his case.  Pfeifer identifies as those special circumstances the possibility of civil commitment, his mental state at the time of the offense, time served, and likely sentence.  The district court discussed all of those circumstances but determined that the Government's interest in proceeding to trial outweighed those factors and we agree.  While it is true that Pfeifer will likely be institutionalized for a lengthy period, if not indefinitely, his violent actions were serious and numerous.  In addition, it is unlikely that Pfeifer will gain competency on his own, and delays in prosecution only serve to make the process less efficient or fair.  The Government has met its burden of showing an important interest in medicating Pfeifer.

AFFIRMED